LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
1119 S. Mission Road, Suite 352
Fallbrook, CA 92028-3225
Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*

MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*

Attorneys for Creditor
COLOCATION AMERICA, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MASOUD FOROUZANFAR,<br><br>Debtor(s). | CASE NO.: 1:16-bk-10603-MB<br>CHAPTER   13<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS (Doc. 88) AND IN SUPPORT OF ORDER TO SHOW CAUSE WHY SHAHROKH COHEN SHOULD NOT BE HELD IN CIVIL CONTEMPT (Doc. 132) AND ORDER TO SHOW CAUSE WHY MASOUD FOROUZANFAR SHOULD NOT BE HELD IN CIVIL CONTEMPT (Doc. 133) AND/OR IN THE ALTERNATIVE, THAT ONE OR MORE MATTERS BE REFERRED TO THE DISTRICT COURT FOR FINDINGS OF CIVIL CONTEMPT; AND FOR AN AWARD OF SANCTIONS AND ATTORNEY'S FEES**<br><br>DATE: November 6, 2017<br>TIME: 10:00 a.m.<br>CTRM: 303<br>PLACE: 21041 Burbank Boulevard, Woodland Hills, CA 91367<br><br>Honorable Martin R. Barash, Judge<br>Courtroom 303<br><br>Petition filed: 3/2/2016 |

1

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE:
CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Creditor Colocation America, Inc. ("Movant") hereby submits its memorandum of points and authorities in support of its Amended Motion to Dismiss, etc. (the "Motion") (Doc. 88) and the Court's Orders to Show Cause Why Shahrokh Cohen (Doc. 132) and Masoud Forouzanfar (Doc. 133) Should Not Be Held In Contempt, both filed and entered on September 25, 2017 (collectively, the "OSC's"), for failure to comply with this Court's Amended Order Granting Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 issued August 30, 2017 (the "Order") (Doc. 120 – vacating and amending Doc. 118); and/or, in the alternative, that one or more matters be referred to the district court; and for an award of sanctions and attorney's fees.

The OSC's are predicated on Shahrokh Cohen and Masoud Forouzanfar's disobedience and disregard, in failing to appear before the Court at the September 14, 2017 hearing. This Court ordered "Debtor and Shahrokh Cohen ... to personally appear at the continued hearing on September 14, 2017, together with two (2) forms of original government identification,..." *See* Order (Doc. 120), at 3:5-10. Debtor and Shahrokh Cohen wilfully ignored a lawful Order of this Court, which conduct arises from a history and pattern of misleading this Court as well as others without substantial consequence for "synthetic identity fraud". Put simply and directly, if there are limited consequences for having made a mockery of the judicial system through "synthetic identity fraud," there is little if anything this Movant can do.

Synthetic identity theft is fraud that involves the use of a fictitious identity. Identity thieves create new identities using a combination of real and fabricated information or sometimes entirely fictitious information. Historically, the "victim" of identity theft was considered to be the creditor who was deceived into extending goods or services; the person whose identity was actually appropriated had little legal recourse. In October 1998, Congress enacted the Identity Theft and Assumption Deterrence Act, 18 U.S.C. §1028 (Identity Theft Act) to ameliorate this situation. The Identity Theft Act made it a crime to "knowingly transfer...or use...without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful

2

1  activity that constitutes a violation of federal law or that constitutes a felony under any applicable
2  state or local law."

## II. PRELIMINARY STATEMENT

Among the Movant's most significant challenges in its disputes with Shahrokh Cohen and his synthetic identity alter ego – Masoud Forouzanfar, the Debtor herein – has been overcoming Mr. Cohen's efforts (and the efforts of the entities he controls, under his various aliases) to obstruct justice. Shahrokh Cohen's actions have forced the Movant to incur attorneys' fees and other expenses to obtain appropriate relief in this Court (and other courts) to prevent Shahrokh Cohen from improperly interfering with the rights of Movant, by using alternative identities ("synthetic identify theft"), including that of Masoud Forouzanfar.

For reasons both unknown and irrelevant, Shahrokh Cohen has engaged in at least one (1) act of contumacious conduct by willfully violating this Court's Amended Order Granting Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (the "Order") (Doc. 120), which states as follows: "Debtor and Shahrokh Cohen are ordered to personally appear at the continued hearing on September 14, 2017, together with two (2) forms of original government identification, unless they are excused or their personal appearance is otherwise modified by an order of this Court made after entry of this Order, pursuant to a motion made in accordance with Rule 43 of the Federal Rules of Civil Procedure." *See* Order (Doc. 120), at 3:5-10. Neither Shahrokh Cohen nor Masoud Forouzanfar made an appearance in compliance with the Order (Doc. 120), nor did either of them move the Court for a modification of said Order.

## III. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and its inherent and retained jurisdiction pursuant to the Order (Doc. 120), at 3:5-10. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

///

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE:
CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

## IV. PERTINENT BACKGROUND

### A. General Background

On March 2, 2016, Masoud Forouzanfar purportedly filed a petition for relief under chapter 13 of the Bankruptcy Code in the Central District of California and assigned to this Court. On June 14, 2016, this Movant, Colocation America, Inc., filed a Motion for Orders (Doc. 84) including *inter alia*, a dismissal of the case and relief from the automatic stay. On August 30, 2017, this Court issued the Order (Doc. 120).

The Order stated that: "Debtor and Shahrokh Cohen are ordered to personally appear at the continued hearing on September 14, 2017, together with two (2) forms of original government identification,... *See* Order (Doc. 120), at 3:5-10. Neither Shahrokh Cohen nor Masoud Forouzanfar personally appeared before the Court at the September 14, 2017 hearing, nor did either of them move the Court for a modification of said order. Their action in failing to comply with the Order is a willful violation of the Order and as a result the Court issued the respective OSC's (Docs. 132 & 133) which were filed and entered on September 25, 2017.

## V. ARGUMENT

### A. Civil Contempt Standard

Bankruptcy courts derive their civil contempt authority from Bankruptcy Code section 105(a). *See, e.g.*, *State of Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission)*, 98 F.3d 1147, 1152 n.5 (9th Cir. 1996). In addition, the Bankruptcy Court has "inherent authority" to sanction bad faith or willful conduct of litigants. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir.2003); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136-37 (9th Cir. 2001) ("While it is preferable that courts utilize the range of federal rules and statutes dealing with misconduct and abuse of the judicial system, courts may rely upon their inherent powers to sanction bad faith conduct even where such statutes and rules are in place."). "[A] civil contempt order is remedial and coercive in nature, and is intended to secure compliance with lawful judicial decrees." *In re Keane*, 110 B.R. 477, 482 (Bankr. S.D. Cal. 1990) (citation and quotation marks omitted).

4

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE: CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). A compensatory contempt award is payable to the complainant; a coercive fine is not payable to the Court. *Id.*

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citation and quotation marks omitted). To find civil contempt under Bankruptcy Code section 105, a court is not required to find that a party willfully or intentionally failed to comply, nor is "good faith" a defense. *See, e.g.*, *Crystal Palace Gambling Hall, Inc. v. Mark Twain Indus., Inc. (In re Crystal Palace Gambling Hall, Inc.)*, 817 F.2d 1361, 1365 (9th Cir. 1987) ("the contempt need not be willful" and a "'good faith' exception to the requirement of obedience to a court order has no basis in law"); *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("Failure to comply need not be intentional."); *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) ("Intent is not an issue in civil contempt proceedings.").

**B.     Both Shahrokh Cohen and Masoud Forouzanfar Violated the Order**

The evidence attached hereto and set forth above clearly and convincingly demonstrates that both Shahrokh Cohen and Masoud Forouzanfar have violated a clear and specific Order of this Court. The Court at page 3, lines 5-10 of the Order (Doc. 120) ordered the "Debtor [Masoud Forouzanfar] and Shahrokh Cohen . . . to personally appear at the continued hearing on September 14, 2017, together with two (2) forms of original government identification, . . . *See* Order (Doc. 120), at 3:5-10. This action (or more correctly, inaction ) on the part of the Masoud Forouzanfar and Shahrokh Cohen is a willful violation of the Order and constitutes ample grounds for a finding of civil contempt and an award of monetary sanctions and attorney's fees and costs.

///

5

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE: CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

## C. Sanctions and Compensatory Damages Are Appropriate Under the Circumstances

The Movant requests that this Court compel Shahrokh Cohen and Masoud Forouzanfar to pay the attorney's fees and costs incurred by the Movant, Colocation America, Inc., in this matter, in the sum of $317,945, as set forth in **Exhibit A** attached to the accompanying Declaration of Maurice Wainer ("Wainer Decl.") filed concurrently herewith. *See* Wainer Decl., at 2:15-17.

The Movant further requests that Shahrokh Cohen and Masoud Forouzanfar each pay the Movant $5,000 per day for each day following entry of an Order until Shahrokh Cohen and Masoud Forouzanfar, actually appear together in Court in compliance with the Court's Order or until the synthetic identify theft end whichever comes first (Doc. 120).

It is well-settled that a bankruptcy court may impose civil penalties pursuant to its contempt authority where such penalties are "designed to coerce compliance" with a court order. *In re Dyer*, 322 F.3d 1178, 1195. Here, a penalty of $5,000 per day from Shahrokh Cohen and Masoud Forouzanfar until they are in compliance is reasonably designed to ensure compliance with the Order and is consistent with other awards authorized in this circuit and would ensure that the synthetic identify theft comes to an end. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1483 (9th Cir. 1992) (affirming contempt sanction of $10,000 per day); *Oliner v. Kontrabecki*, 305 B.R. 510, 519 (N.D. Cal. 2004) (refusing to review the bankruptcy court's civil contempt sanctions of $5,000 per day), *appeal dism'd*, 158 Fed. App'x 1 (9th Cir. 2005).

Dana M. Douglas, attorney of record for the Debtor (Masoud Forouzanfar) herein, as did all the other lawyers that have ever represented the Debtor, had an obligation to make reasonable inquiry of the Debtor and Mr. Cohen as to the essential facts of the lack of availability of Masoud Forouzanfar. Ms. Douglas states she has never met or spoken with Mr. Forouzanfar, yet continues until today to advocate for him, thus aiding and abetting the scheme to use a synthetic identity. Either Ms. Douglas made representations to the Court without a good faith foundation for doing so, or else Shahrokh Cohen lied to her, and Ms. Douglas, as Mr. Cohen's agent, repeated those lies to the Court. Either alternative is unacceptable as far as our system of justice is concerned.

///

6

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE: CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

What makes these facts even more troublesome is that, rather than simply "coming clean" with the true facts, Shahrokh Cohen and Masoud Forouzanfar proceeded to put the Movant through the burden and expense – both here and in the State Court Action – and have wasted this Court's time, by making misrepresentations regarding the separate identity of Shahrokh Cohen and Masoud Forouzanfar. Where is the competent evidence Masoud Forouzanfar is under house arrest?

Having claimed and sought appointment to act as the "next friend" of Masoud Forouzanfar, Shahrokh Cohen had an obligation to be honest in dealing with the Court – and when Mr. Cohen departed from that standard he perpetrated an egregious fraud upon the Court and can now be sanctioned pursuant to Rule 9011. *Kupferman v. Consolidated Research & Manufacturing Corp.* 459 F.2d 1072, 1078 (2d Cir. 1972) [citing 7 Moore, Federal Practice, Par. 60.33 at 513]. Fraud on the court is a "species of fraud which does or attempts to, subvert the integrity of the court itself...." 7 Moore's Federal Practice ¶ 60.33 at 515 (1971 ed.). See *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d.Cir.1972). A court has "inherent authority to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." *Figgle International, Inc. v. Alderman*, 598 So.2d 563, 567 (Fla.3d. DCA 1997) quoting *Anderson v. State*, 267 So2d 8 (Fla. 1972).

Here there has been the perpetration of a fraud on this Court. "It is a wrong ... which ... cannot complacently be tolerated consistently with the good order of society....involv[ing] two victims: the individual litigant ... ***and the court itself***, whose integrity is compromised by the fraudulent behavior of its officers (next friend)." (Emphasis and brackets added.) *Hazel Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 246, 64. S.Ct. 997, 1001, 88 L.Ed. 1250 (1944). "The very temple of justice [is] defiled." *Universal Oil Products v. Root Refining Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed 1447 (1946). Here, Shahrokh Cohen as the next friend must suffer a substantial consequence because he has subverted the very institution (this Court) to achieve his ends. *See Hanono v. Murphy*, 723 So.2d 892, 895. Absent a substantial consequence, this Court will be sending a message that the Bankruptcy Courts can be used to commit identity fraud. If this Court won't see to it that the bankruptcy system is not misused it will only encourage

7

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE: CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

more and future action of the kind at issue because there were no previous consequences for the synthetic identity involving the 2012 bankruptcy of Masoud Forouzanfar or the All Investment bankruptcy also filed utilizing the alias of Masoud Forouzanfar in 2015.

In the instant case – as in the State Court Action, the 2012 bankruptcy of Masoud Forouzanfar, and again in the 2015 All Investments, Inc bankruptcy – Shahrokh Cohen has mindfully and methodically undermined the integrity of this Court as well as the State Court by creating a mockery of the principles of justice through his deceitful misconduct. Such underhanded tactics in full derogation of our legal processes surely ***must*** be met with swift measures.

The Court has many alternatives and grounds for punishing Shahrokh Cohen and Masoud Forouzanfar including but not limited to Rule 9011, Bankruptcy Code section 105(a) as well as the Court's inherent authority to enforce it's own Order. At a minimum, this Court should certainly require Shahrokh Cohen and Masoud Forouzanfar to reimburse Movant, Colocation America, Inc. for all the attorney's fees and costs incurred in conjunction with proving the fraud upon the Court, as set forth in the declaration of Maurice Wainer previously filed (Doc 88) .

Furthermore, Shahrokh Cohen and Masoud Forouzanfar should also be ordered to compensate the Movant for the Movant's reasonable fees and costs incurred in seeking to enforce Shahrokh Cohen and Masoud Forouzanfar's compliance with the Order of this Court (Doc.120). A court may award reasonable professional fees and other costs arising from as compensatory damages for the violation of a court order. *See Dyer*, supra 322 F.3d at 1195 ("We emphasize that attorneys' fees are an appropriate component of a civil contempt award."). "[A] fine may be payable to the complainant as compensation for damages caused by the contemnor's noncompliance." *In re Count Liberty, LLC*, 370 B.R. 259, 274 (Bankr. C.D. Cal. 2007); *see also Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989). To date, the Movant has incurred $9,000.00 in attorneys' fees in regards to the Motion to Dismiss and ancillary relief. *See* Wainer Decl., at 2:18-22.

Finally, the Movant intends and reserves the right to supplement the record at the upcoming Hearing.

8

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE: CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

## VI.  RELIEF REQUESTED

ALTERNATIVELY, if this Court is of the view that the Bankruptcy Code or the case law does not invest this Court with the power to deal fully with fraud and abuse of the system of the type at issue here, it is respectfully requested that this Court advise the District Court of the abuses which, in light of the case law, may be beyond the statutory powers of this Court to deal with in the manner this case requires (criminal contempt), and to recommend that the District Court withdraw the reference. In addition, pursuant to 18 U.S.C § 3057(a), any judge, receiver, or trustee having reasonable grounds for believing that a bankruptcy fraud has been committed *shall* report the same to the United States Attorney for possible criminal prosecution based on the existence of reasonable grounds for believing that a bankruptcy fraud has been perpetrated.

Filing the Petition herein was frivolous, legally unreasonable and without evidentiary support, especially considering that apparently no attorney involved in this case has ever met personally with Masoud Forouzanfar, verified the Debtor's identification, or even verified that the Debtor signed the Petition.

                    Respectfully submitted,

                    LAWRENCE C. MEYERSON,
                    A Professional Law Corporation

Dated: October 10, 2017      By:   */s/ Lawrence C. Meyerson*
                                         Lawrence C. Meyerson, Esq.

                            SNIPPER, WAINER & MARKOFF

Dated: October 10, 2017      By:   */s/ Maurice Wainer*
                                         Maurice Wainer, Esq.

                            *Attorneys for Creditor and Movant*
                            *COLOCATION AMERICA INC.*

**SUPPLEMENTAL MEMORANDUM ISO MOTION TO DISMISS AND ORDERS TO SHOW CAUSE RE: CONTEMPT AS TO SHAHROKH COHEN AND MASOUD FOROUZANFAR**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

232 North Canon Drive, Beverly Hills, CA 90210

A true and correct copy of the foregoing document entitled (*specify*):**Supplemental Memorandum of Points and Authorities in Support of Amended Motion to Dismiss (Doc. 88) and in Support of Order to Show Cause Why Shahrokh Cohen Should Not Be Held in Civil Contempt (Doc. 132) and Order to Show Cause Why Masoud Forouzanfar Should Not Be Held in Civil Contempt (Doc. 133) And/or in the Alternative, That One or More Matters Be Referred to the District Court for Findings of Civil Contempt; and for an Award of Sanctions and Attorney's Fees** will be served or was served in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/10/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED ELECTRONIC MAIL NOTICE LIST

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/10/2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHMENT RE: SERVICE

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **10/10/2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHMENT RE: SERVICE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **10/10/2017** | Daniel Harris | */s/ Daniel Harris* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 1:16-bk-10603-MB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Dana M Douglas**     dmddouglas@hotmail.com
- **Michelle R Ghidotti**     ECFNotifications@ghidottilaw.com
- **Elizabeth (SV) F Rojas (TR)**     cacb_ecf_sv@ch13wla.com
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov
- **Maurice Wainer**     mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- **Kristin A Zilberstein**     ecfnotifications@ghidottilaw.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

# ATTACHMENT RE: SERVICE

*VIA UNITED STATES MAIL*

Masoud Forouzanfar c/o Shahrokh Cohen
5460 White Oak Avenue, #G205
Encino, CA 91316

Shahrokh Cohen
5460 White Oak Avenue, #G205
Encino, CA 91316

Masoud Forouzanfar c/o Shahrokh Cohen
4548 Martson Drive
Encino, CA 91316-4368

Shahrokh Cohen
4548 Martson Drive
Encino, CA 91316-4368

*VIA FEDERAL EXPRESS OVERNIGHT DELIVERY*

Honorable Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard
Suite 342 / Courtroom 303
Woodland Hills, CA 91367