FILED & ENTERED

MAR 29 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MASOUD FOROUZANFAR,<br><br>Debtor. | Case No.: 1:16-bk-10603-MB<br><br>Chapter 13<br><br>**ORDER DENYING COLOCATION AMERICA, INC.'S MOTION TO DISMISS [DKT. 88]** |

1

**ORDER DENYING COLOCATION AMERICA, INC.'S MOTION TO DISMISS**

On June 14, 2017, Colocation America, Inc. ("Colocation") filed a *Motion to Dismiss Masoud Forouzanfar's Bankruptcy Case and for Other Related Orders* (the "Motion to Dismiss"), Dkt. 88, seeking orders (1) dismissing the case, *nunc pro tunc*, as of March 2, 2016; (2) determining case is void *ab initio* and a legal nullity; (3) imposing monetary sanctions against Shahrokh Cohen; (4) shortening notice time; (5) confirming no stay of state court case; (6) confirming any stay is retroactively annulled; (7) confirming post-petition acts did not violate stay; (8) confirming 180 days stay so that no further automatic stay shall arise as to the state court case; and (9) other further relief.

On July 6, 2017, the Court dismissed the case in response to another party's motion. *See* Dkt. 101. Also on July 6, 2017, the Court conducted an initial hearing on this Motion to Dismiss. Debtor's then counsel, Dana Douglas, appeared on behalf of the Debtor, and Lawrence Meyerson and Maurice Wainer appeared on behalf of Colocation. The Court ruled that certain requests for relief in the Motion to Dismiss were rendered moot by the case having been dismissed, and by Debtor and Colocation having stipulated to relief from stay and other relief. *See* Dkt. 104. The Court ordered that the unresolved requests for relief in the Motion to Dismiss would be heard at a continued evidentiary hearing on September 13, 2017, at 11:00 a.m. *See id*.

The Court conducted an evidentiary hearing on the Motion to Dismiss on September 13, 2017, and continued the evidentiary hearing to November 6, 2017, at 10:00 a.m. after Debtor failed to appear at the September 13 hearing.

///

The Court conducted a further evidentiary hearing on the Motion to Dismiss on November 6, 2017. Mark Brifman appeared on behalf of Debtor; Maurice Wainer appeared on behalf of Colocation; and Dana Douglas appeared on her own behalf. At the conclusion of the hearing, the Court ruled that the balance of the Motion to Dismiss was denied and directed counsel as follows:

> Mr. Wainer . . . on your motion to dismiss I need you to lodge an order denying it as moot with respect to dismissal and denying the balance of the relief on the merits. Okay. Be sure to file a notice of lodgment and make sure that that gets served on counsel for the debtor.

Dkt. 151 at 211:10-15. No notice of lodgment was filed, and no order was lodged with respect to the Motion to Dismiss.

The Court, having considered the Motion to Dismiss, the papers filed in support of and in opposition to the Motion to Dismiss, the arguments of counsel at the hearings on the Motion to Dismiss, and the record in this case, having set forth the reasons for its decision on the record of the hearings on the Motion to Dismiss, and with good cause appearing, **HEREBY ORDERS THAT:**

1. The first request for relief for an order dismissing the case, *nunc pro tunc*, as of March 2, 2016, is DENIED AS MOOT to the extent it seeks dismissal of the case and DENIED on the merits to the extent it seeks *nunc pro tunc* relief.

2. The second request for relief for an order determining the case is void *ab initio* and a legal nullity is DENIED.

3. The third request for relief for an order imposing monetary sanctions against Shahrokh Cohen is DENIED.

4. The fourth request for relief for an order shortening notice time is DENIED AS MOOT.

5. The fifth request for relief for an order confirming no stay of state court case is DENIED AS MOOT.

6. The sixth request for relief for an order confirming any stay is retroactively annulled is DENIED AS MOOT.

7. The seventh request for relief for an order confirming post-petition acts did not violate stay is DENIED AS MOOT.

8. The eighth request for relief for an order confirming 180 days stay so that no further automatic stay shall arise as to the state court case is DENIED AS MOOT.

9. The ninth request for other further relief is DENIED.

###

Date: March 29, 2018

Martin R Barash
United States Bankruptcy Judge

**ORDER DENYING COLOCATION AMERICA, INC.'S MOTION TO DISMISS**